UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS DAYTON,  )
  )
  Plaintiff,  ) Case No. 5:05-cv-105
  )
v.  ) Honorable Gordon J. Quist
  )
PEOPLE OF THE STATE OF  )
MICHIGAN et al.,  )
  )
  Defendants.  )
  )

**OPINION**

This is a civil action brought by a prisoner incarcerated at the Calhoun County Jail. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

Plaintiff was charged in Calhoun County with larceny in a building and being a fourth habitual offender. Following a preliminary examination in the Calhoun County District Court on

January 18, 2005, Plaintiff was bound over to the circuit court. On July 12, 2005, Plaintiff pleaded nolo contendere to the charge of larceny in a building. In exchange, the prosecutor dismissed the habitual offender charge and recommended a sentence at the low end of the guidelines. Plaintiff was sentenced on August 8, 2005, to imprisonment of ten months.

In his amended complaint (docket #2), Plaintiff claims that the transcript from the preliminary examination hearing was altered to remove exculpatory evidence, resulting in an "unfair (fixed) trial." He contends that only "a higher power," such as a judge, prosecutor or attorney, could have told the court recorder to change the transcript. For relief, Plaintiff asks the Court to bring criminal charges and to conduct an investigation against Attorney Ward F. McDonough and Prosecutor John Hallacy.[1]

This Court is not an investigative body, nor does it have the authority to investigate state criminal proceedings. The Court, therefore, cannot grant the type of relief sought by Plaintiff in this case. Moreover, Plaintiff does not allege or show any harm that resulted from the allegedly altered preliminary examination transcript. The district court relied upon the live hearing testimony in making its decision to bind Plaintiff over to district court on the felony charge. Thereafter, Plaintiff pleaded *nolo contendere* to the charge of larceny in a building. To the extent Plaintiff asserts a due process violation of his federal constitutional rights, his claim would be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck,* the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner

---

[1] Plaintiff filed another action in this Court on July 22, 2005, arising from the same facts. *See Dayton v. Kabot*, 4:05-cv-75 (W.D. Mich.). In that case, Plaintiff accused District Court Judge Marvin Ratner or Assistant Prosecuting Attorney Jeffrey A. Kabot of causing the preliminary examination transcript to be altered. Plaintiff's action was dismissed on September 14, 2005, for failure to state a claim.

shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. Accordingly, Plaintiff's § 1983 action would be barred under *Heck* until his criminal conviction has been invalidated.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: October 28, 2005                              /s/ Gordon J. Quist
                                                     GORDON J. QUIST
                                                     UNITED STATES DISTRICT JUDGE